UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON MICHAEL DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV113 SNLJ |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1208461), an inmate at Boonville Treatment Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that plaintiff shall be required to amend his complaint at this time.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $ 21.65, and an average monthly balance of $21.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.33, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. Named as defendants are Bob Holder, Dunklin County Sheriff, and John Doe, a correctional officer at Dunklin County Jail.

Plaintiff asserts that in July of 2014 he was placed in the general population pod in Dunklin County Jail. He asserts that when he was first placed in the pod, he asked John Doe Correctional Officer whether he would be "safe" in the pod due to his sex offender conviction. Plaintiff states that he was told by John Doe that he would "be alright." Plaintiff asserts that he was attacked by the other inmates in the pod and hurt so badly that he had to be transported to the hospital due to his physical injuries. He claims that upon returning from the hospital he asked to be placed in a protective area, but John Doe defendant again placed him back in the general pod where he had previously been attacked.

Plaintiff seeks a review of procedures at the Dunklin County Jail in handling sex offenders, and he requests monetary damages in an amount over $75,000.

**Discussion**

In plaintiff's complaint, he states that his rights to "due process" were violated under the "Fifth, Sixth and Fourteenth Amendments." Plaintiff fails to elaborate how he believes his rights were violated under the Constitution under these particular amendments. However, plaintiff does state that he believes that defendants were deliberately indifferent to his needs when they failed to abate the harm he suffered. He also states that defendants acted with "evil motive" and "reckless or callous indifference" against him.

Broadly interpreting plaintiff's claims, it appears that plaintiff is asserting a failure to protect claim against defendants John Doe and Bob Holder, which arises under the Eighth Amendment.[1] The Court finds that plaintiff's claims under the Eighth Amendment are serious, but as alleged, do not state a claim for relief.

---

[1] To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer v. Brennan,* 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate can constitute "serious harm." *Jensen v. Clarke,* 94 F.3d 1191, 1198 (8th Cir. 1996).

First and foremost, the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Thus, at this time, plaintiff's suit would be subject to dismissal on this basis.

Second, plaintiff has not stated a causal connection between each defendant and the alleged harm. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). As plaintiff has not stated a personal connection between each of the named defendants and his allegations in this lawsuit, his allegations fail to state a claim at this time.

Despite the aforementioned, and because of the serious nature of the allegations in the complaint, the Court will not dismiss the case at this time. Instead, the Court will give plaintiff

the opportunity to file an amended complaint. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form and to attempt to correct the deficiencies in his complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 18th day of August, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE