UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON MICHAEL DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV113 SNLJ |
| | ) |
| BOB HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. Based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff, an inmate at Boonville Treatment Center, filed the instant action on June 17, 2015, pursuant to 42 U.S.C. § 1983 for violations of his civil rights. In his original complaint plaintiff named Bob Holder, Dunklin County Sheriff, and John Doe, a correctional officer at Dunklin County Jail as two defendants in this action.

Due to pleading deficiencies in the complaint, the Court required plaintiff to file an amended pleading in this matter, pursuant to an order issued on August 18, 2015. [Doc. #6]. On that same date, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff was given explicit instructions on how to proceed in his amended complaint, including how to assert defendants' proper capacity in his amended pleading.

On August 31, 2015, plaintiff filed his amended complaint against defendants Bob Holder and John Doe. Plaintiff named defendants in their "official capacities" only. In his "Statement of Claim," he asserts that in July of 2014 he was placed in the general population pod in Dunklin County Jail. He asserts that when he was first placed in the pod, he asked John Doe Correctional Officer whether he would be "safe" in the pod due to his sex offender conviction. Plaintiff states that he was told by John Doe that he would "be alright." Plaintiff asserts that he was attacked by the other inmates in the pod and hurt so badly that he had to be transported to the hospital due to his physical injuries. He claims that upon returning from the hospital he asked to be placed in a protective area, but John Doe defendant again placed him back in the general pod where he had previously been attacked.

Plaintiff asserts that defendants Bob Holder and John Doe acted with deliberate indifference for "failure to abate harm" because a "reasonable person would have known the situation he allowed to happen would cause injury to plaintiff." Plaintiff claims he is asserting a failure to protect claim under the Eighth Amendment.

In his request for relief, plaintiff seeks injunctive relief and monetary and punitive damages in an amount over $75,000.

**Discussion**

Unfortunately, although the Court provided plaintiff time to amend his pleadings and was clear as to how to do so, plaintiff has still failed to state a claim against defendants in this matter.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a **policy or custom** of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Rather, plaintiff's allegations state only that the individual defendants acted with malice or evil intent. Thus, plaintiff's suit must be dismissed.

Second, as before, the Court must note that plaintiff has not stated a causal connection between defendant Bob Holder and the alleged harm. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has not stated that defendant Holder did anything on his own in this matter to fail to protect him from his enemies. As such, he has failed to state a claim against defendant Holder.

In light of the aforementioned and plaintiff's inability to rectify the deficiencies in his complaint after being given time to do so, the Court will dismiss this action at this time.

Accordingly,

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of September, 2015.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE